**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Kuiper Ventures LLC,<br><br>Plaintiff,<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A,<br><br>Defendants | Case No. 25-cv-<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT**

Plaintiff, Kuiper Ventures LLC, by and through its counsel, brings this action against the entity identified on Schedule A (the "Defendant") as follows:

**Nature and Statement of the Case**

1. This is a design patent infringement case. Plaintiff took the time, pre-filing, to thoroughly investigate the bases for jurisdiction. The Defendant, here, has been confirmed to be in ▮▮▮▮. Other suits will include appropriately joined defendants or, if no joinder is appropriate, individual defendants.

2. Plaintiff was forced to file this case (and others) after unsuccessfully attempting to combat infringement on platforms hosting infringers, to prevent ecommerce operators who infringe on its patented invention from selling and offering for sale infringing products. Taking advantage of relative anonymity on the internet, prevalence of ecommerce platforms, international borders, and well-developed logistics and delivery systems, the Defendant is able to infringe Plaintiff's patent rights with abandon. And it is costing Plaintiff hundreds of thousands of dollars in lost revenue.

1

3. Plaintiff is forced to file this action to combat Defendant's infringing of its patented invention. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## Jurisdiction and Venue

4. This Court has original subject-matter jurisdiction over Plaintiff's claims under the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant. Defendant has structured its business and activities to target U.S. consumers, including those in Illinois, through fully interactive ecommerce stores operating under the aliases identified on Schedule A.

6. To comport with Federal Rule of Civil Procedure 8, Plaintiff will be brief and make a plain statement of grounds for jurisdiction, without lengthy exposition on the prevalence of intellectual property infringement and supposed behaviors of sellers on platforms common in Schedule A complaints. The Court is well aware of the common elements of Schedule A litigation. However, here, thorough pre-filing investigation shows jurisdiction and venue are appropriate.

7. Specifically, the Defendant has targeted sales to Illinois residents by setting up stores on ▓▓▓▓ that target U.S. Consumers, offer shipping into the U.S. and into Illinois, accepting payments in U.S. dollars, and accepting orders for infringing products to be shipped into Chicago, Illinois.

## Parties

8. Plaintiff, Kuiper Ventures LLC, is a Wyoming limited liability company.

9.  Plaintiff is the assignee of all right, title and interest in U.S. Patent No. ███ ███████ (the "Patent"). Exhibit 1.

10. The Patent was valid and enforceable at all times relevant to this action.

11. The Patent is entitled to a presumption of validity under 35 U.S.C. § 282.

12. The Patent protects the ornamental features and visual appearance of a travel blanket pouch which Plaintiff offers for sale through online stores.

13. Plaintiff has not licensed or authorized Defendant to use the designs protected by the Patent.

14. Defendant is operating ecommerce stores, as further described on Schedule A.

15. While Plaintiff's pre-filing investigations provided the seller aliase, purported business name, and location in China.

16. That said, some claim that platforms, like the one involved here, do not adequately subject new sellers to verification and confirmation of their identities. *See* Chow, D., *Alibaba, Amazon, and Counterfeiting in the Age of the Internet,* 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

17. As that may be the case, should Defendant provide additional credible information regarding its identity or location, Plaintiff is committed to taking appropriate steps to amend the Complaint.

18. Further, Plaintiff did not immediately rush to this Court to resolve its concerns. As part of Plaintiff's pre-filing efforts, Plaintiff submitted numerous reports to the platform hosting the ecommerce store to no avail.

19. As such, Defendant's conduct along with the platform's inaction have forced Plaintiff to bring this suit to protect its rights.

20. Moreover, defendants often communicate with each other through chat rooms and use websites to evade detection by intellectual property owners and to stymie intellectual property enforcement efforts.

21. Part of that includes tipping off other ecommerce store operators of new intellectual property lawsuits to allow infringers, like Defendant, to cut and run: ceasing infringing conduct, liquidate financial accounts, and otherwise render enforcement efforts impotent.

**Defendant's Conduct**

22. The success of Plaintiff's product, protected by the Patent, has resulted in significant infringement of that Patent.

23. The infringement occurs on ecommerce platforms.

24. This undercuts Plaintiff's sales, who also offers its authorized product on ecommerce platforms, ███████████.

25. As a result, Plaintiff has initiated an anti-infringement program that involves thorough investigation of sellers on ecommerce platforms offering infringing products. Here, the platform(s) in question ████████.

26. Exhibit 2 shows the active ecommerce stores operated by the Defendant and various screenshots of listings.

27. The Defendant targets consumers in this District and throughout the U.S.

28. As shown in Exhibit 2, the Defendant offers the infringing product for sale, in U.S.

29. Not only that, the Defendant offers to ship an infringing product into Chicago, Illinois. Exhibit 2.

30. Defendant did complete a sale to ship an infringing product into Chicago, Illinois.

31. Defendant is, without license from Plaintiff, applying the patented design appearing in the Patent or colorable imitations of it, to articles of manufacture for the purpose of sale.

32. Alternatively, Defendant is, without license from Plaintiff, exposing for sale articles of manufacture to which the patented design appearing in the Patent or colorable imitations of it have been applied.

33. Ultimately, Defendant is selling, offering to sell, importing, or some combination of the same, products that infringe the Patent into the U.S. and into this District.

## Count I
## Infringement of U.S. Design Patent
## (35 U.S.C. § 271)

34. Plaintiff reasserts and incorporates the above paragraphs as if fully set forth here.

35. Defendant is making, using, offering for sale, selling, importing into the U.S., or some combination of the same products that infringe directly the design claimed in the Patent.

36. The products offered by Defendant, shown in Exhibit 2, compared against the design protected by the Patent, are substantially the same and ordinary observers would be deceived into purchasing products believing them to be those of the patented design.

37. Defendant has profited from its infringement of the Patent and Plaintiff has suffered actual harm as a result of the infringement.

38. Plaintiff is entitled to recover damages adequately compensating for the infringement, including, but not limited to, Defendant's profits, $250, or a reasonable royalty, whichever is greater. See 35 U.S.C. § 289.

39. Defendant's conduct has been, is, and continues to be willful. So, Plaintiff is entitled to treble damages. 35 U.S.C. § 284.

40. Moreover, these same facts show this case is an exceptional case and Plaintiff is entitled to an award of reasonable attorneys' fees. 35 U.S.C. § 285.

41. Defendant has infringed the Patent through these acts and will continue to do so unless enjoined by this Court.

42. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its patent rights: the utter denial of the rights to exclude others from making, using, selling, offering for sale, and importing what is protected by the Patent.

43. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

## Prayer for Relief

For the foregoing reasons, Plaintiff prays for judgment against the Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

　　i. using the design protected by the Patent or any reproductions, infringing copies, or colorable imitations of the same in any manner to sell, offer for sale, import, make, distribute, market, or advertise any products that are not licensed or authorized by Plaintiff;

　　ii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent;

   iii. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff or under its authorization, to be sold or offered for sale which bear or utilized the design protected by the Patent, including infringing copies and colorable imitations of the same;

   iv. operating, hosting, or both, websites or ecommerce stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the Patent or any infringing copy or colorable imitation of the same that is not authorized by Plaintiff.

B. That Defendant be, within 14 days of service of any judgment entered against them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth the means by which it complied with ¶ A, above.

C. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon and Temu, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patent and take all steps necessary to prevent links to Defendant's ecommerce stores or pages offering products infringing the Patent to be removed from any search index.

D. That Judgement be entered against Defendant finding that it has infringed on the Patent.

E. That Judgment be entered against Defendant finding that its infringement of the Patent has been willful.

F. That Plaintiff be awarded damages in an amount to be proven at trial, in no event less than Defendant's profits, a reasonable royalty, or $250, whichever is greater, together with interests and costs.

G. That Plaintiff be awarded treble damages for Defendant's willful infringement of the Patent.

H. That a finding is made that this case is exceptional under 35 U.S.C. § 285.

I. That a finding is made that Plaintiff be awarded its reasonable attorneys' fees and costs.

J. That the Court award any and all other relief it deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Kuiper Ventures LLC, by

s/ Jonathan L.A. Phillips
Jonathan L.A. Phillips (IL6302752)
Phillips & Bathke, P.C.
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com

## Verification

Undersigned certifies and states as follows:

1. My name is Nathan Jermolenko. I am over 18 years old and am the managing member of Kuiper Ventures LLC. I am otherwise competent to make this declaration.

2. I have read the Verified Complaint above and, based on my personal knowledge and the information from the investigation I undertook, set forth above, the factual allegations contained in the Verified Complaint are true or believed to be true.

3. If called to testify to the foregoing, I would truthfully and competently testify to the same.

4. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 11/25/2025

_Nathan Jermolenko_