**In the United States District Court
for the Northern District of Illinois
Eastern Division**

| | |
|---|---|
| Kuiper Ventures LLC, | |
| | |
| Plaintiff, | Case No. |
| | |
| v. | JURY TRIAL DEMANDED |
| | |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | |
| | |
| Defendants | |

***EX PARTE* MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER,
INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET
RESTRAINT, AND EXPEDITED DISCOVERY**

Kuiper Ventures LLC, by

Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com

# Table of Contents

I.     Introduction ................................................................................................. 1

II.    Statement of Facts ....................................................................................... 2

   A.   Plaintiff's Patent Rights ......................................................................... 2

   B.   Defendants' Infringement ....................................................................... 2

III.   Argument ...................................................................................................... 3

   A.   Applicable Legal Standards .................................................................... 3

      1.   Likelihood of Success on Patent Infringement Claims ........................... 4

      2.   Standards on Remaining Factors ............................................................ 4

   B.   This Court has Personal Jurisdiction over the Defendants ........................ 5

   C.   Plaintiff Is Likely to Succeed on the Merits .............................................. 6

   D.   Plaintiff Will Suffer Immediate and Irreparable Harm Without Injunctive
        Relief ...................................................................................................... 7

      1.   Injunctive Relief Is Necessary to Prevent Ongoing Infringing Activities . 7

      2. An Asset Restraint Is Necessary to Prevent Irreparable Harm and Preserve
         This Court's Ability to Provide Relief ................................................... 9

   E.   The Balance of Harms Favors Plaintiff ................................................... 11

   F.   A TRO Will Not Harm the Public .......................................................... 12

   G.   The *Ex Parte* Relief Is Necessary ....................................................... 12

   H.     Plaintiff is Entitled to Expedited Discovery .......................................... 12

   I.   A Bond Should Be Set at TK to Secure the Injunctive Relief ................... 13

IV.    Conclusion ................................................................................................. 14

# I.    Introduction

Defendant's infringement forces Plaintiff to seek injunctive relief on an *ex parte* basis to stop infringement, prevent fraudulent transfer of assets, and to allow for limited early discovery to advance the case. Despite Plaintiff's efforts to have the platforms, Temu and Amazon, remove the infringing products, it was required to file this, and other, suits. The Patent Act's joinder rules are stricter than the Federal Rules, so this action is one of several Plaintiff has filed to protect its patent rights.

The Defendant named in Schedule A is a ███████ entity infringing Plaintiff's patent through online sales on Amazon. It imports, sells, and offers products for sale that violate Plaintiff's registered U.S. patent. Operating under the aliases listed in Schedule A, it targets Illinois consumers through their ecommerce operations.

Online anonymity and international borders allow the Defendants to avoid accountability. By either shipping inventory into the United States in advance, distributing through third-party marketplaces, or drop-shipping, they frustrate enforcement efforts.

This lawsuit seeks to stop the rampant infringement. The requested injunctive relief stops the infringement until a preliminary injunction can be sought and, eventually, a ruling on the merits. The temporary restraining order sought here preserves the Court's ability to render meaningful relief. Without the TRO, Plaintiff will suffer irreparable harm. Otherwise, the motion seeks early discovery necessary to advance the case.

Without the relief sought in this motion, as courts in this district often agree, Defendants are likely to stop operating under one set of aliases and appear under

another while, simultaneously, moving assets to offshore bank accounts. *See, Square One Entm't Inc. v. P'ships & Unincorporated Ass'n Identified in Schedule "A,"* No. 20 C 5685, 2021 U.S. Dist. LEXIS 65710, at *2 (N.D. Ill. Apr. 5, 2021).

Plaintiff respectfully requests that the Court issue an *ex parte* temporary restraining order to halt Defendant's ongoing unlawful conduct, effectuate an asset freeze, and to allow for early, limited discovery.

## II.  Statement of Facts

### A.  Plaintiff's Patent Rights

Plaintiff, Kuiper Ventures LLC, is a Wyoming limited liability company. It is the owner of a design patent ███████████████████████ (the "Patent"). *See* Verified Complaint [Doc. 6, ¶ 9]; Exhibit 1 to Verified Complaint [Doc. 6-2]; Exhibit 1. Plaintiff sells products embodying the design protected by the Patent to consumers on the internet. The Patent was and is valid at all times relevant to this case. It is entitled to a presumption of validity under 35 U.S.C. § 282.

### B.  Defendants' Infringement

Plaintiff's Patent covers a product design whose ornamental features have been proven to be wildly popular. As a result, they have been widely infringed. Exhibits 2, 3. As a result, others, like Defendants in this and other cases, have been making, offering to sell, selling, and importing products that infringe Plaintiff's Patent. Exhibits 2, 3. As a result, Plaintiff has monitored the internet for suspicious listings of infringing products and investigating the sellers. Exhibit 3.

Recently, Plaintiff uncovered numerous infringing storefronts on Amazon, Temu, and other platforms. *Id.* In this case, the store is operated by the Defendant identified on

Schedule A to the Complaint. [Doc 6-1]. This store target consumers in this District and throughout the U.S. <u>Exhibit 2</u>. The offer for sale and sell infringing products on third-party ecommerce platforms. *See* Verified Complaint, Exhibit 2 [Doc. 6-3]; <u>Exhibit 2</u>. These Defendants use similar store layouts and copy, identical or nearly identical product offerings, and even use photographs taken by Plaintiff for its own listings. That said, this case is brought against a single entity and there are no joinder issues to address.

### III.    Argument

A.    <u>Applicable Legal Standards</u>

Courts may enjoin patent violations. 35 U.S.C. § 283. The right to exclude others is the patent's core value. *See Sanofi-Synthelabo v. Apotex Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006) ("encouragement of investment-based risk is the fundamental purpose of the patent grant, and is based directly on the right to exclude"). A preliminary injunction preserves the status quo while the case proceeds on the merits. *Abbott Labs. v. Sandoz*, 544 F.3d 1341, 1344-45 (Fed. Cir. 2008) (*citing Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Courts in this District apply the same standard to temporary restraining orders and preliminary injunctions. *See, e.g., Mays v. Dart,* 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020); *Long v. Bd. Of Educ., Dist.,* 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001).

In considering whether to grant a temporary restraining order, a Court considers four factors:

(1) likelihood of success on the merits;
(2) irreparable harm without relief;
(3) balance of hardships favoring the movant; and
(4) public interest supporting the injunction.

3

*See Titan Tire Corp. v. Case New Holland*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009)

(*citing Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Abbott*

*Labs,* 500 F. Supp. 2d at 815-16. The more likely a plaintiff will succeed on the merits,

the less the harm balancing needs to favor plaintiff. *EnVerve, Inc. v. Unger Meat Co.*,

779 F. Supp. 2d 840, 843 (N.D. Ill. 2011).

      1.    *Likelihood of Success on Patent Infringement Claims*

Success in a patent infringement claim requires showing probable infringement

and patent validity. *See Titan Tire*, 566 F.3d at 1376. Patents carry a presumption of

validity that applies before and during trial. *Id*. at 1376-77. When unchallenged, "the

very existence of the patent with its concomitant presumption of validity satisfies the

patentee's burden of showing a likelihood of success on the validity issue." *Id*. at 1377

(*citing Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1365 (Fed.

Cir. 2001).

In design patent cases, showing a likelihood of success on the merits requires a

showing of infringement of the asserted design patent claims. *Ningbo Ningshing Ubay*

*Supply Chain Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 23 C

15775, 2024 U.S. Dist. LEXIS 170167, at *3 (N.D. Ill. Sep. 20, 2024) (quoting *ABC Corp.*

*v. P'ships & Unincorporated Assocs. Id'd on Schedule "A"*, 52 F.4th 934, 942 (Fed. Cir.

2022).

      2.    *Standards on Remaining Factors*

Irreparable harm means injury that money damages cannot cure. *See H-D, USA,*

*LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-C-3581,

2021 U.S. Dist. LEXIS 187253, at *10 (N.D. Ill. Sept. 24, 2021) (*citing Kraft Foods*

*Brands LLC v. Cracker Barrel Old Country Stores, Inc.*, 735 F.3d 735, 740 (7th Cir.

2013)). Lost customers, market share, goodwill, and reputation establish irreparable harm when damages cannot be calculated precisely. *See, e.g., Life Spine, v. Aegis Spine, Inc.*, 8 F.4th 531, 545-45 (7th Cir. 2021). Similarly, loss of market share, price erosion, damage to reputation, and loss of goodwill, which are often difficult to quantify and may justify injunctive relief. *See Henkel Corp. v. Coral, Inc.*, 754 F. Supp. 1280, 1308-09 (N.D. Ill. 1991).

True, the Supreme Court rejected automatic presumptions of irreparable harm in patent cases. *eBay, v. MercExchange, LLC,* 547 U.S. 388 (2006). But this does not "swing the pendulum in the opposite direction." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1147, 1149 (Fed. Cir. 2011). Even while the "right to exclude alone cannot justify an injunction, it should not be ignored either." *Id*. The balance of hardships weighs potential harm to the defendant against harm to the plaintiff if relief is denied. *See Ty, v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The Court weighs these factors "sitting as would a chancellor in equity." *Ty, Inc.,* 237 F.3d at 895 (*quoting Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

B.    This Court has Personal Jurisdiction over the Defendants

The Defendant, here, offers for sale, sell, import, or some combination of the same, infringing products into this District. Courts routinely exercise jurisdiction over websites targeting Illinois. Establishing an online store on a platform, like that here, and stating a willingness to ship goods to Illinois is sufficient to show purposeful availment so as exercise personal jurisdiction. *NBA Props. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). Even if there is only a single test buy, it can demonstrate jurisdiction is appropriate. *Id*. at 624-25. By "structure[ing] its sales activity in such a manner as to

5

invite orders from Illinois and develop[ing] the capacity to fill them," the Defendant has submitted to this Court's jurisdiction. *Id*. Of course, this being a case about that very situation, in which infringing goods are what is being ordered, render it sufficiently related to this case to exercise jurisdiction here. And as to any alleged unfairness, it is not unfair to cause a Defendant shipping infringing goods to "defend a lawsuit in the courts of the state where, through the very activity giving rise to the suit, it continues to gain so much." *Id*. at 627 (quoting *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423 (7th Cir. 2010)). Notably, an order for the infringing good into Illinois has been made.

     C.    <u>Plaintiff Is Likely to Succeed on the Merits</u>

Plaintiff asserts a patent infringement claim. Its case requires a valid patent and infringement. *See Titan Tire*, 566 F.3d at 1376. Plaintiff's Patent is entitled to a presumption of validity. 35 U.S.C. § 282. This meets addresses the first element of showing a likelihood of success on the merits.

As to the second, a patent is infringed when there is an application of "the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale...." 35 U.S.C. § 289.

Courts in this Circuit, like all courts, follow the "ordinary observer" test when considering design patent claims. With that test, infringement occurs when, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Top Brand LLC v. Cozy Comfort Co. LLC*, No. 20 C 1238, 2021 U.S. Dist. LEXIS 55765, at *17 (N.D. Ill. Mar. 24, 2021) (quoting *Egyptian Goddess, Inc. v. Swisa*, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008).

6

Here, the Patent shows . The infringing goods do the same, as is further explained in the Declaration of Nathan Jermolenko. <u>Exhibit 3</u>.

. The infringing product need not be identical to the design protected by the patent. *Competitive Edge Inc.*, 763 F. Supp. 2d at 1012. An ordinary observer would believe the infringing products offered on <u>Exhibit 2</u> are the same as covered by the Patent.

With a valid patent and a showing of infringement, Plaintiff is likely to succeed on the merits. As a result, the TRO should be granted.

D.    <u>Plaintiff Will Suffer Immediate and Irreparable Harm Without Injunctive Relief</u>

As for the second element of the analysis, the Court must determine whether Plaintiff will suffer irreparable harm absent the requested relief. Irreparable harm is "harm that cannot be prevented or fully rectified by the final judgment" including harms where a damages award would be "seriously deficient." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386 (7th Cir. 1984).

*1.    Injunctive Relief Is Necessary to Prevent Ongoing Infringing Activities*

The Patent Act empowers courts to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. The most fundamental right of a patent is the right to exclude others. *See Sanofi-Synthelabo*, 470 F.3d at 1383 ("Indeed, the encouragement of investment-based risk is the fundamental purpose of the patent

grant, and is based directly on the right to exclude"). Should this Court not enjoin the Defendants, this right is rendered meaningless.

Moreover, design patents are time limited to fifteen years. Allowing ongoing infringement during this limited period is harm for which Plaintiff cannot be adequately compensated. Even so, the loss of exclusivity is not remote or in the abstract, it is directly connected to other harms that cannot be remedied by law.

"[I]t is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm." *Antsy Labs, LLC v. Individuals*, No. 21 C 3289, 2022 U.S. Dist. LEXIS 212406, at *8-9 (N.D. Ill. Nov. 23, 2022) (quoting *Life Spine Inc.,* 8 F.4th at 546. Applying the Seventh Circuit's *Life Spine* opinion, the *Antsy Labs* court explained that difficulties in identifying lost business can transform market share losses to irreparable harm. *Id*. Applying that principle to internet stores infringing intellectual property rights, the district court correctly concluded that customers in that situation are "unquantifiable and not easily identified" and denied a motion to dissolve an injunction. *Id.*

Similarly, price erosion and loss of business opportunities are also reasons to find irreparable harm. *Celsis in Vitro, Inc., v. Cellzdirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). Finally, loss of market share is an irreparable harm. *Abbott Laboratories*, 500 F. Supp. 2d at 843; *Black & Decker v. Robert Bosch Tool Corp.*, No. 04-C-7955, 2006 U.S. Dist. LEXIS 86990 (N.D. Ill. Nov. 29, 2006).

Here, Defendants are online sellers, selling to unknown customers, in unknown quantities. Harm suffered by Plaintiff is unquantifiable for that reason, but it is obvious that business opportunities are lost. Plaintiff is forced to sell its protected products on the same platforms against direct infringer-competitors offering infringing products,

8

here the Defendants. Exhibit 3. On ecommerce platforms, often known for cut-rate pricing, price erosion is a reality.

Ecommerce for consumer goods is highly competitive. Exhibit 3. Customers on ecommerce platforms have multitudes of products to consider, with most being low cost. This supports a finding of irreparable harm when some of Plaintiff's direct competitors on those platforms are infringing its Patent. *See LEGO A/S v. ZURU Inc.,* 799 F. App'x 823, 832 (Fed. Cir. 2020) (finding irreparable harm in a competitive marketplace with infringing products).

Additionally, lost sales compound. When Defendants steal a customer's first purchase, Plaintiff loses that customer's future replacement orders or orders of other products. The damage multiplies through online marketplaces, where customer reviews, influencer referrals, and word-of-mouth drive sales. Each sale to a direct competitor infringing on Plaintiff's Patent denies Plaintiff the chance to build its reputation and reach new customers.

This creates cascading harm: Lost customers lead to lost referrals, which shrink market share. *See generally Robert Bosch LLC*, 659 F.3d at 1154 (considering loss of access to potential customers as evidence of irreparable harm). Defendant's infringement erodes Plaintiff's market position with every sale: Irreparable harm is occurring and a TRO is necessary to prevent further infringement.

> 2.    *An Asset Restraint Is Necessary to Prevent Irreparable Harm and Preserve This Court's Ability to Provide Relief*

"[D]istrict courts often agree[] that it is necessary to restrain the defendants' assets without notice in order to prevent them from removing their assets from the United States or otherwise hiding them." *Square One Entm't Inc.,* 2021 U.S. Dist. LEXIS

65710, at *2; See also, In *re Uranium Antitrust Litig.,* 617 F.2d 1248, 1259 (7th Cir. 1980) (determining federal courts can restrain removal of assets from U.S.). Even so, district courts generally lack the ability to restrain assets when a plaintiff seeks a money judgment. *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 U.S. Dist. LEXIS 205985, *2 (N.D. Ill. Oct. 31, 2013). There is, however, an exception where plaintiffs seek an equitable remedy, including disgorgement of profits. *Id.*; *CSC Holdings, Inc. v. Redisi,* 309 F. 3d 988, 996 (7th Cir. 2002). Here, Plaintiff seeks a disgorgement of profits as allowed by 35 U.S.C. § 289. [Doc. 6, Prayer for Relief, ¶ F].

Moreover, these Defendants have all reported to the platform they are on that they are located in ████. Plaintiff has already excluded U.S.-based infringers from this suit. While assets are presently within reach of this Court, if Defendants are able to transfer them to offshore bank accounts, especially ████ones, the Court will have no ability to effectuate the relief sought. Irreparable harm exists where damages are inadequate and a damages award is inadequate if they are "unobtainable from the defendant." *Roland Machinery Co.,* 749 F.2d at 386.

These sorts of factors and the situation at hand, like a degree of anonymity afforded by platforms and lack of readily apparent domestic assets, have been significant in determining irreparable harm to patent owners. *See Peng v. Partnerships*, No. 21-cv-1344, 2021 U.S. Dist. LEXIS 174254, at *7-8 (N.D. Ill. Sept. 14, 2021) (citing *Robert Bosch LLC*, 659 F.3d at 1155-56). If these Defendants even learn about this case before interim relief is entered, they are likely to make meaningful recovery impossible. *See, e.g., Bushnell, Inc. v. Brunton Co.,* 673 F. Supp. 2d 1241, 1263 (D. Kan. 2009)

10

(finding the ability to collect from foreign defendants with few to no assets in the U.S. favors a finding of irreparable harm).

These courts, and others in this district, routinely grant temporary restraining orders in similar situations. *See, e.g., Deckers Outdoor Corp.,* 2013 U.S. Dist. LEXIS 205985, *2.; *PINK FLOYD (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* Civil Action No. 1:21-cv-04406, 2021 U.S. Dist. LEXIS 254393 (N.D. Ill. Oct. 21, 2021). The same facts and considerations apply here. As such, an asset restraint is imminently appropriate.

That said, Plaintiff is not blind to the possibility of an overbroad or indiscriminate asset restraints. Infringement is rampant, though, with the handful of infringers Plaintiff has sued in its eight cases. It has not brought cases against less prolific infringers. Even so, should Plaintiff learn from this platform, or any other, that damages available from the amount of sales of infringing goods are not commiserate with the amount restrained, Plaintiff will seek a reduced restraint at the time it moves for a preliminary injunction to correspond to available damage models, i.e., lost profits, $250 per infringement, or a reasonably royalty, combined with willfulness.

    E.    The Balance of Harms Favors Plaintiff

Courts weigh "[t]he magnitude of the threatened injury to the patent owner...in the light of the strength of the showing of likelihood of success on the merits, against the injury to the accused infringer if the preliminary decision is in error." *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987) (overturned on other grounds by *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995)). Plaintiff has shown strong likelihood of success. The balance need only tip slightly in Plaintiff's favor. But it tips decisively.

11

Defendant faces no cognizable hardship. Any harm they suffer flows from their own infringement. *See Bulgari S.P.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *21 (N.D. Ill. July 18, 2014). Courts do not and should not credit self-inflicted wounds. Meanwhile, Plaintiff faces immediate, irreparable injury without relief. The balance strongly favors Plaintiff.

F.    A TRO Will Not Harm the Public

The public interest favors enforcement of patent rights. *PPG Indus. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). The question becomes "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1998).

None exists here. The framers of the Constitution provided a time limited monopoly to incentivize invention. U.S. Const. art. I, § 8, cl. 8. The public benefits from a functioning patent system and fair business practices. *See PPG Indus.*, 75 F.3d at 1567. An injunction serves both interests. It harms neither.

G.    The *Ex Parte* Relief Is Necessary

Cases against infringers of infringing goods "are often useless if notice is given to the infringers." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996). Courts routinely provide *ex parte* relieve in Schedule A cases like this one. The same reasons apply here. With notice, Defendants are likely to remove assets from the U.S. or hide them. *Sauare One Ent. Inc.,* 2021 U.S. Dist. LEXIS 65710, at *2.

H.    Plaintiff is Entitled to Expedited Discovery

Federal courts possess inherent power to order discovery of facts necessary to find out their competency to entertain the merits. *Vance v. Rumsfeld*, No. 1:06-cv-

06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Courts exercise wide latitude in granting discovery requests. *Id.* (citation omitted). They may permit discovery to identify unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Without expedited discovery, Plaintiff cannot get any meaningful relief. Here, Plaintiff seeks information sufficient to confirm the identities and locations of Defendants, if the Defendants provided inaccurate or misleading information to the platforms. Plaintiff also seeks expedited discovery of Defendant's bank and payment accounts. This is well withing the Court's broad discretionary power over discovery. *See* Fed R. Civ. P. 26(b)(2). Without this discovery, asset restraints become meaningless. Defendant can simply move funds beyond reach. Expedited discovery prevents this evasion.

Courts in this district consider expedited discovery requests based on the record and the reasonableness of the request. Reasonableness is connected to whether a preliminary injunction is pending, the breadth of the request, the timing, and the burden on the defendant. *Ibarra v. City of Chicago,* 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). This request is prompt. It is not burdensome on Defendants, at all. And it is narrowly tailored to what is necessary to effectuate relief in this case.

I.    <u>A Bond Should Be Set at $1,000 to Secure the Injunctive Relief</u>

The amount of a bond upon issuing a TRO or preliminary injunction is committed to the Court's sound discretion. *Gateway E. Ry. Co. v. Terminal R.R. Ass'n*, 35 F.3d 1134, 1141 (7th Cir. 1994). Strong evidence of infringement justifies minimal security, here. And Plaintiff's commitment to adjusting any restraint to minimize disruption further supports lower security. So, Plaintiff requests a bond not exceeding

$1,000. This is a ▮▮▮▮ Defendant case. Other courts have set bonds at $10,000 for dozens or hundreds of defendants.

### IV.    Conclusion

Defendant's unlawful operations, directly competing with Plaintiff on the same platforms as the Defendant using Defendants own patented design on infringing goods, are irreparably harming Plaintiff. In view of these facts, and consistent with similar cases, Plaintiff requests this Court enter a temporary restraining order.

Respectfully submitted,
Kuiper Ventures LLC, by

s/ Jonathan L.A. Phillips
Jonathan L.A. Phillips (IL6302752)
**Phillips & Bathke, P.C.**
300 Northeast Perry Avenue
Peoria, Illinois 61603
(309) 834-2296
jlap@pb-iplaw.com

14